Louise R. Filkins, Individually and as Executrix of G. Harrison Filkins, Deceased, Respondent, v. Richfield Oil Corporation of New York, Appellant, et al., Defendants.— Judgment affirmed, with costs. All concur. (Appeal from a judgment of Monroe Equity Term, for plaintiffs in an action for a declaratory judgment to establish a right of way.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

Betty R. Heims, Appellant, v. Meyer Heims, Respondent.— Order insofar as appealed from affirmed, without costs of this appeal to either party. All concur. (Appeal from part of an order of Erie Special Term, after a hearing before Clarence MacGregor, Official Referee, reducing the payments which defendant is required to make for the support of an infant child, on a motion to amend a divorce decree by reducing alimony, and denying plaintiff's motion to compel defendant to furnish a bond as security for support of child.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

Betty R. Heims, Appellant, v. Meyer Heims, Respondent.— Order reversed on the law and facts, with $10 costs and disbursements, and plaintiff's motion granted. Memorandum: We have affirmed herewith an order of the Special Term dated February 9, 1949, adjudging the defendant in contempt for failure to make the payments for the support of defendant's son, as directed in a decree of divorce. (*Heims* v. *Heims, ante*, p. 1005.) This appeal is from an order denying a motion to commit the defendant for failure to pay the balance of the fine for contempt imposed by the aforesaid order dated February 9, 1949. The order appealed from, also reduces the weekly payments of $20, as provided for in the order of February 9, 1949, to $15 per week. The burden was upon the defendant to show any change in his financial circumstances which would warrant relief from the provisions of the order of February 9, 1949. (*Matzke* v. *Matzke*, 185 App. Div. 533; *Nelson* v. *Nelson*, 249 App. Div. 849.) The record presents no sufficient showing of changed circumstances to warrant the making of the order appealed from. All concur. (Appeal from an order of Erie Special Term, reducing alimony and denying plaintiff's motion to commit defendant for contempt for nonpayment of balance of accrued alimony for the support of the son of the parties.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

■

Frank J. Brilbeck, Appellant, v. City of Syracuse, Respondent.— Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of evidence. All concur. (Appeal from a judgment of Onondaga Trial Term, for defendant for no cause of action, in a negligence action,) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

Daniel Brilbeck, an Infant, by Frank J. Brilbeck, His Guardian ad Litem, Appellant, v. City of Syracuse, Respondent.— Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of evidence. All concur. (Appeal